# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## CASE NO:  22-11488-AA

---

## UNITED STATES OF AMERICA,
### Plaintiff/Appellee,

## vs.

## DEVON CHANCE,
### Defendant/Appellant.

---

**On Appeal from The United States District Court for the Southern District of Florida**

---

## INITIAL BRIEF OF APPELLANT
## DEVON CHANCE

---

**Michael G. Smith, Esquire**
**SmithLawDefend@aol.com**
**1824 Southeast 4th Avenue**
**Fort Lauderdale, Florida 33316**
**(954) 303-7843**
**Florida Bar No. 265802**

## THIS CASE IS ENTITLED TO PREFERENCE
## (CRIMINAL APPEAL)

## <u>United States v. Devon Chance,  Case No. 22-11488-AA</u>

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Undersigned appointed counsel for Appellant, DEVON CHANCE, files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities that may have an interest in this appeal, as required by 11th Cir. R. 26.1:

Acosta, Hon. Alexander, Former United States Attorney

Adler, Robert, AFPD

Barrist, Lori, AFPD

Brannon, Hon. Dave Lee, United States Magistrate Judge

Brown, Bruce, AUSA

Bryn, Brenda G., AFPD Attorney for Co-Defendant/Co-Appellant

Caruso, Hon. Michael, Federal Public Defender

Chance, Devon, Defendant/Appellant

Fajardo Orshan, Hon. Ariana, Former United States Attorney

Ferrer, Hon. Wifredo, Former United States Attorney

Fine, Joanne, AUSA

Gonzalez, Hon. Juan Antonio, United States Attorney

Greenberg, Hon. Benjamin C., Former Acting United States Attorney

Hopkins, Hon. James M., United States Magistrate Judge

Johnson, Hon. Linnea R., United States Magistrate Judge

Kaufman, Allen, Co-Defendant's Attorney

Lazarus, Paul David, Co-Defendant's Attorney

Lewis, Jamaur, Co-Defendant/Co-Appellant

Marra, Hon. Kenneth M., United States District Judge

Middlebrooks, Hon. Donald M., United States District Judge

Rodriguez, Valentin, Defense Attorney

Rosenbaum, Hon. Robin S., United States Magistrate Judge

Rubio, Lisa Tobin, AUSA

Seltzer, Hon. Barry S., United States Magistrate Judge

Sloman, Jeffrey, Former Acting United States Attorney

Smachetti, Emily M., AUSA

Smith, Michael G., Appellate/Trial Counsel for Appellant Devon Chance

Snow, Hon. Lurana S., United States Magistrate Judge

Solomon, Curtis, Co-Defendant/Co-Appellant

United States Of America, Plaintiff/Appellee

Ungaro, Hon. Ursula, United States District Judge

Vitunac, Hon. Ann E., United States Magistrate Judge

Wilcox, Daryl, AFPD

Counsel certifies that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

*/s/Michael G. Smith*
MICHAEL G. SMITH, ESQ.

C-2

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument and suggests it is necessary to the just resolution of this appeal, to permit a full and adequate review of the issues raised in this brief and the issues raised and adopted in the briefs of the co-appellants and would significantly enhance the decision-making process.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................C-1

STATEMENT REGARDING ORAL ARGUMENT .............................................. i

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES .....................................................................v

STATEMENT OF ADOPTION BY REFERENCE............................................. viii

STATEMENT OF JURISDICTION......................................................... 1

STATEMENT OF THE ISSUES ON APPEAL ......................................................2

STATEMENT OF THE CASE ..................................................................4

Course of Proceedings and Disposition in the District Court ...................................4

    Charges and Convictions in the Criminal Case ....................................................5

    The Sentencing .........................................................................7

    The Direct Appeal .......................................................................9

    The First § 2255 Motion ......................................................................9

    The Second § 2255 Motion After *Johnson* .......................................................9

    The Appeal from the Denial of the Second § 2255 Motion .............................11

    Proceedings in the District Court Upon Remand .............................................13

    The Amended Judgment ...................................................................15

Standards of Review ...................................................................15

SUMMARY OF THE ARGUMENT ....................................................16

ARGUMENT AND CITATIONS OF AUTHORITY ...........................................18

    I.    Without an explanation by the district court, this Court cannot meaningfully review whether the district court abused its discretion in refusing to grant Appellant a resentencing *de novo* on all remaining counts under the "sentencing package doctrine" ........................................................................... 18

        A.  The district court had the discretion to resentence Appellant on all remaining counts under the "sentencing package doctrine." ...................................................... 19

        B.  There were valid reasons to resentence Appellant under current law on all remaining counts ....................................................19

        C.  On this record, without any explanation from the district court, it is impossible to meaningfully determine whether the district court abused its discretion in refusing to grant Appellant a resentencing *de novo* on all remaining counts .................................19

    II.   Changes in controlling law after Appellant was sentenced – which apply to a case like this on direct review – make clear that substantive Hobbs Act robbery is *not* a qualifying "crime of

violence" under 18 U.S.C. § 924(c)(3)(A); for that reason, all of

the § 924(c) convictions predicated on Hobbs Act robbery should

be vacated ...........................................................................20

A. After *Taylor* and *Jackson,* substantive Hobbs Act robbery is not a

qualifying "crime of violence;" the contrary holding of *St.*

*Hubert* has been abrogated ..............................................................20

B. The fact that Hobbs Act robbery is not a qualifying § 924(c)

predicate is an unwaivable jurisdictional defect ................................21

C. The jurisdictional error is reversible, even under the

deferential plain error standard ..........................................................21

CONCLUSION .....................................................................................22

CERTIFICATE OF COMPLIANCE.......................................................23

CERTIFICATE OF SERVICE ...............................................................24

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                    <u>Page</u>

*Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019) .........................................13

*Chance v. United States*, Case No. 12-62311-cv-DMM (S.D.Fla.) ........................9

*Chance v. United States*, Case Nos. 16-cv-61354-DMM (S.D.Fla.) ........................9

*Chance v. United States*, Case Nos. 16-13918-J and 16-14643-J (11th Cir. 2016)  . 9

*Chance v. United States,* Case No. 17-15192-cv-DMM (S.D.Fla. 2019) ……..12, 13

*Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993 (1993) ...............................7, 8

*Dean v. United States,* 137 S.Ct. 1170 (2017)..........................................................14

*In re Garrett*, 908 F.3d 686 (11th Cir. 2019)......................................................… 12

*In re Pinder,* No. 16-12084 (11th Cir. 2016)..........................................................10

*In re St. Fleur,* Case No.16-12299 (11th Cir. 2016).................................................10

*In re St. Fleur,* 824 F.3d 1337 (11th Cir. 2018) . . . . . . . . . . .. . . . . . . . . . . . . .3, 18

*Johnson v. United States*, 135 S.Ct. 2551 (2015) ...................................9, 10, 11, 12

*Ovalles v. United States*, ("Ovalles I") 861 F.3d 1257 (11th Cir. 2017); *vacated on reh'g en banc* 889 F.3d 1259 (11th Cir. 2018) .........................................................11

*Ovalles v. United States*, ("Ovalles II") 905 F.3d 1231 (11th Cir. 2018)...........11, 12

*Sessions v. Dimaya,* 138 S.Ct. 1204 (2018)............................................................11

*Solomon v. United States,* 911 F.3d 1356 (11th Cir. 2019) .....................................12

*Solomon v. United States*, 565 U.S. 1069 (2011) ......................................................9

*United States v. Bates,* 960 F.3d 1278 (11th Cir. 2020) ………………………………16

*United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021)...........................................15

*United States v. Davis,* 139 S.Ct. 2319 (2019) .........................................................12

*United States v. Douglas*, 576 F.3d 1216 (11th Cir. 2009)......................................15

*United States v. Harris*, 989 F.3d 908 (11th Cir. 2021) ...........................................16

*United States v. Jackson*, 36 F.4[th] 1294 (11th Cir. 2022) ..............................3, 18, 20

*United States v. Johnson*, 877 F.3d 993 (11th Cir. 2017)........................................15

*United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020) ......................................... 16

*United States v. Lewis, Case No. 09-13660,* 433 Fed.Appx. 844 (11th Cir. 2011) ...9

*United States v. Olano*, 507 U.S. 725 (1993) ...........................................................16

*United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018).................2, 3, 17, 18, 20

*United States v. Taylor,* 142 S.Ct. 2015 (2022)........................................2, 3, 17, 20

*Welch v. United States,* 136 S.Ct. 1257 (2016) ........................................................9

## OTHER AUTHORITIES

18 U.S.C. § 924(c) .................................................. 2, 5, 7, 10, 14, 16, 17, 18, 20, 21

18 U.S.C. § 924(c)(1)(c) .................................................................................... 7, 8

18 U.S.C. § 924(c)(3)(A) ...................................................2, 10, 13, 17, 20

18 U.S.C. § 924(c)(3)(B) ........................................................................ 10, 11, 12

18 U.S.C. § 924(e)(2)(B)(ii) .................................................................................. 9

18 U.S.C. § 924(o) ...........................................................................5, 10, 13

18 U.S.C. § 1951 ...........................................................................................2

18 U.S.C. § 1951(a) ....................................................................................5, 17

18 U.S.C. § 3231 .............................................................................................1

18 U.S.C. § 3742 .............................................................................................1

28 U.S.C. § 1291 .............................................................................................1

28 U.S.C. § 2253……......................................................................................1

28 U.S.C. § 2255 .................................................................................1, 6, 9, 13

First Step Act of 2018, § 403……............................................................14

Fed. R. App. P. 28(i) ............................................................................... viii

Fed.R.Crim.P. 2(b) ......................................................................................16

## <u>STATEMENT OF ADOPTION BY REFERENCE</u>

Pursuant to Rule 28(i), Federal Rules of Appellate Procedure, Appellant, DEVON CHANCE, hereby adopts by reference and incorporates herein those arguments presented in the Corrected Initial Brief and all appellate points raised by his co-defendant/co-appellant, Curtis Solomon, in this case, since the issues and arguments in toto are equally applicable to him. The parties, Chance and Solomon, are wholly aligned in their arguments and submit these very important issues for this Court's consideration.

viii

## <u>STATEMENT OF JURISDICTION</u>

This is a direct criminal appeal of a final decision of a United States District Court.  The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States, and pursuant to 28 U.S.C. § 2255, because Appellant filed a motion to vacate pursuant to that statute. On March 12, 2020, after remands from the Supreme Court and this Court, the district court granted Appellant's § 2255 motion in part, vacating one count of conviction (Count 2).

On April 28, 2022, the district court issued an Amended Judgment as to Appellant's underlying criminal case, eliminating the conviction and sentence as to Count 2, but reimposed the same sentence as to all other counts. This appeal was timely filed on May 10, 2022, from the Amended Judgment, and it disposes of all claims between the parties to this cause.

Accordingly, this Court's jurisdiction over this appeal is predicated upon 28 U.S.C. §§ 1291 and 2253, and 18 U.S.C. § 3742, which gives this Court jurisdiction over all final decisions and sentences of the district courts, including both criminal and § 2255 proceedings.

Appellant is incarcerated, serving a sentence of 1,794 months of imprisonment.

## STATEMENT OF THE ISSUES

I.      Whether the record is sufficient to permit meaningful appellate review of whether the district court abused its discretion under the "sentencing package doctrine" by refusing to resentence Appellant on all remaining counts after vacating Count 2, when there had been two significant changes in controlling law with regard to the sentences on the remaining counts, the government offered no objection to the requested resentencing *de* novo on those counts, and the court failed to offer any explanation for its refusal to resentence Appellant under current law.

II.     Whether the holding of *United States v. St. Hubert,* 909 F.3d 335 (11th Cir. 2018), that Hobbs Act robbery is categorically a "crime of violence" within the elements clause of 18 U.S.C. 924(c)(3)(A) has been abrogated by intervening precedents, and thus Appellant's § 924(c) convictions predicated upon Hobbs Act robbery should be vacated, because:

(a) In *United States v. Taylor,* 142 S.Ct. 2015 (2022), the Supreme Court held attempted Hobbs Act robbery does not meet the elements clause, and 18 U.S.C. § 1951 is indivisible between an attempted and completed robbery;

2

(b) In *Taylor,* the Supreme Court likewise rejected the "realistic probability" test applied by this Court in *St. Hubert,* 909 F.3d at 350, in finding that completed Hobbs Act robbery was categorically a "crime of violence'; and/or

(c) In *United States v. Jackson,* 36 F.4th 1294, 1305 (11th Cir. 2022) this Court held that the prior panel precedent rule does not apply to questions "neither brought to the attention of the [prior panel] nor ruled upon," and in *In re: Saint Fleur,* 824 F.3d 1337, 1340-41 (11th Cir. 2018) and in *St. Hubert,* this Court did not consider the language of the standard jury instruction which states clearly that a conviction may be predicated upon purely economic, non-violent harm to property.

## STATEMENT OF THE CASE

Appellant, Devon Chance, was a defendant in the district court and will be referred to by name or as Appellant. Mr. Chance is presently incarcerated and has been since his arrest. He was sentenced to 1,794 months (149½ years) imprisonment (DE331)1.

### Course of Proceedings and Disposition in the District Court

Appellant hereby adopts and incorporates by reference the Statement of the Case as submitted in the Corrected Initial Brief of co-appellant, Curtis Solomon, insofar as counsel for Solomon has done a yeoman's job in summarizing the activities in this case and more than amply setting forth and describing the proceedings leading up to this appeal. To ensure judicial economy, Appellant will not simply restate those facts as counsel for each of the appellants have met on several occasions, joined and pooled resources, and have independently participated in the preparation of an overall presentation of the facts in their respective briefs in these lengthy and complex proceedings. It is hoped that counsels' efforts will enormously enhance the orderly review process and significantly aid and conserve judicial economy without the necessity of simply restating what has already been so formidably presented. To the extent that some facts may be further elucidated,

---

1 Docket entries from the criminal case, 08-cr-60090-DMM (S.D.Fla.), will be referred to as DE, whereas docket entries from the ensuing § 2255 case that resulted in the Amended Judgment will be referred to as DEcv.

4

Appellant has included a synopsis of those facts herein as they more directly relate to Devon Chance and are pertinent to his appeal.

## The Charges and Convictions in the Criminal Case

On December 4, 2008, Appellant, along with Curtis Solomon and Jamaur Lewis, was charged by a federal grand jury sitting in the Southern District of Florida, in a 36-count, Second Superseding Indictment, with multiple counts of Hobbs Act robbery, carrying a firearm during each of the robberies, and conspiracy from December, 2007, to as late as March 27, 2008, to commit robberies of various businesses by means of actual and threatened force and violence, and with conspiracy during this same period to use and carry firearms during and in relation to the crimes of violence, as well as possessing the firearms in furtherance of the crimes of robbery, all in violation of 18 U.S.C. § 1951(a), and 18 U.S.C. § 924(c) (DE94). Count 1 charged conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and Count 2 charged conspiracy to use and carry a firearm during and in relation to a crime of violence as set forth in Count 1, in violation of 18 U.S.C. § 924(o)2. The evidence comprising the robbery and firearms conspiracies consisted of numerous substantive acts of armed robberies of fast-food restaurants as alleged in Counts 3 through 36 of the Second Superseding Indictment.

---

2 Count 2 was vacated in accordance with this Court's decision upon the motion to vacate pursuant to 28 U.S.C. § 2255.

5

Specifically, Appellant was alleged to have committed armed robberies in the following instances: February 9, 2008, robbery of a Subway Restaurant (Counts 17-18); February 9, 2008, robbery of a Chinese Kitchen Restaurant (Counts 19-20); February 15, 2008, robbery of the Dogma Grill Restaurant (Counts 21-22); February 20, 2008, attempted robbery of a 7-Eleven convenience store (Counts 23-24); February 26, 2008, robbery of a Papa John's Pizza Restaurant (Counts 25-26); March 2, 2008, robbery of the King's Super Buffet Restaurant (Counts 27-28); March 7, 2008, robbery of a Subway Restaurant (Counts 29-30); March 10, 2008, robbery of the Doughboy's Pizzeria and Italian Restaurant (Counts 31-32); March 17, 2008, robbery of the International House of Pancakes Restaurant (Counts 33-34); and the March 21, 2008, robbery of the Lil Red's Restaurant (Counts 35-36).

The defendants were jointly tried before a petit jury sitting in West Palm Beach, Florida, from April 14 through April 29, 2009. Just prior to jury selection, the government announced it was dismissing Counts 17-22 as to Devon Chance.

On April 29, 2009, the jury returned its verdicts of guilty as to Devon Chance as to Counts 1, 2, and 25-36. The jury acquitted Chance on Counts 23 and 24, the attempted robbery of a 7-Eleven store (DE217).

## The Sentencing

Prior to sentencing, co-defendant below and now co-appellant in this case, Curtis Solomon, filed his Sentencing Memorandum (DE232)3, in which all arguments relating to the numerous 18 U.S.C. § 924(c)(1)(C) issues were adopted on behalf of Appellant. Defendants/Appellants argued that the "stacking" rule in § 924(c) made arbitrary classifications and irrationally treated Appellant's punishment more harshly than that of individuals found guilty of more serious crimes, thus, the penalty he faced violated the Equal Protection guarantee and the prohibition on cruel and unusual punishment and was unconstitutional (DE232: 1-6). Appellants acknowledged that in *Deal v. United States,* 508 U.S. 129 (1993), the Supreme Court had read the "second or subsequent conviction" language in § 924(c)(1)(C) to apply to violations charged in multiple counts of a single indictment, however, Appellants argued (citing the opinion of Justices Stevens and Blackmun in the dissent in *Deal*), that was an incorrect interpretation of the statute since "the original intent of Congress, in enacting this legislation, was to severely punish recidivists, not a defendant who was convicted of multiple § 924(c) violations charged in a single indictment." (DE232: 6). Significantly, Appellants noted that a bill was then pending before Congress to amend the statute by striking the "In the case of a second or subsequent conviction…" language, and inserting "If a person is convicted…after a

---

3 The arguments presented in the Sentencing Memorandum were adopted in toto by Appellant during the sentencing hearing (DE270: 3-5, 26, 31).

prior conviction…has become final," emphasizing the preamble to the bill which stated that its purpose was "to clarify the circumstances under which the enhanced penalty provisions for subsequent convictions apply." (DE232: 6-7).

At the sentencing hearing conducted on July 13, 2009, Appellants preserved their objections, urging the district court to impose a sentence under § 924(c)(1)(C) less than the consecutive 25-year terms mandated by the Supreme Court in *Deal* (DE232; DE270: 3-5, 26, 31). While the court indicated that under the law in effect at that time its hands were tied in applying the harsh stacking rule, it opined that "this stacking issue may be something Congress needs to look at…and figure out a better way to craft the statute." (DE270: 19). While indicating that each defendant deserved a lengthy sentence, the court nevertheless believed "they ought to have some, some – I mean, these are just unrealistic in terms of lifetimes. So that would be my – I hope Congress looks at it." (DE270: 19). The court ultimately sentenced Appellant to a total term of 1,794 months imprisonment (210 months as to Counts 1, 2, 25, 27, 29, 31, 33 and 35 to be served concurrently; 84 months as to Count 26 to be served consecutively; and 300 months as to Counts 28, 30, 32, 34 and 36 to be served consecutively) (DE270: 29-31; DE240).

## The Direct Appeal

On August 12, 2011, this Court affirmed Mr. Chance's convictions and sentences (DE294); *Case No. 09-13660, United States v. Lewis, et al.,* 433 Fed. Appx. 844 (11th Cir. 2011). On December 6, 2011, the United States Supreme Court denied Mr. Chance's petition for writ of certiorari. *Solomon v. United States,* 565 U.S. 1069 (2011).

## The First § 2255 Motion

Mr. Chance filed an initial *pro se § 2255* motion to vacate (DE299), which was denied on January 2, 2014 (DE308). *Chance v. United States,* No. 12-62311-cv-DMM (S.D. Fla. 2014). He did not appeal this denial.

## The Second § 2255 Motion After *Johnson*

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States,* 135 S. Ct. 2551 (2015). In *Johnson,* the Supreme Court found the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. *Johnson,* 135 S. Ct. at 2563. Thereafter, on April 18, 2016, the United States Supreme Court decided *Welch* v. *United States,* 136 Ct. 1257, 1265 (2016), and held that the substantive decision in *Johnson* was retroactive in cases on collateral review.

On June 22, 2016, Mr. Chance, now represented by counsel, filed a second or successive § 2255 Motion seeking to have his § 924(o) and multiple § 924(c)

9

convictions and sentences vacated in light of *Johnson* and *Welch* (DE310) (*Case No. 16-cv-61354-DMM (S.D.Fla.); Case Nos. 16-13918-J, 16-14643-J* (11th Cir. 2016), arguing that neither Hobbs Act conspiracy nor substantive Hobbs Act robbery were categorically "crimes of violence" under § 924(c)(3)(A).

On August 2, 2016, the Eleventh Circuit issued an order granting Mr. Chance's request for leave to file this successive § 2255 Motion (DEcv9; DEcv10). This Court acknowledged that the "law is unsettled" and left to the district court to decide what effect *Johnson, id.,* had on § 924(c)'s residual clause. Although this Court noted its holdings in *In re Pinder,* No. 16-12084 (11th Cir. June 1, 2016) (*Johnson* may invalidate the § 924(c)(3)(B) residual clause in a Hobbs Act conspiracy case), and *In re Saint Fleur,* No. 16-12299 (11th Cir. June 8, 2016) (substantive Hobbs Act robbery may still qualify as a valid companion conviction notwithstanding *Johnson*), this Court also indicated that Mr. Chance had at least a pecuniary interest in securing review of each count of conviction and granted his request for authorization to do so. Importantly, this Court noted that "nothing about our ruling here binds the district court, which must decide every aspect of the case 'fresh, or in the vernacular, *de novo'*.... And when we say every aspect, we mean every aspect.... This includes the merits of Mr. Chance's motion, along with any other issues that may arise." (DE315; DEcv10).

Mr. Chance's motion to vacate was referred to the United States Magistrate

10

Judge and, following a briefing schedule, on July 31, 2017, the magistrate judge issued a Report and Recommendation that Mr. Chance's motion be denied and that a certificate of appealability not issue (DEcv25). Mr. Chance filed his objections to the Report and Recommendation (DEcv28). The district court found that *Johnson* did not affect §924(c)(3)'s residual clause, based on the Eleventh Circuit decision in *Ovalles v. United States ("Ovalles I")*, 861 F.3d 1257 (11th Cir. 2017); *vacated on reh'g en banc*, 889 F.3d 1259 (11th Cir. 2018). The district court then entered an order adopting the Report and Recommendation in part, denying Mr. Chance's motion, but granting a certificate of appealability as to whether *Johnson* applies to § 924(c)(3)(B) (DE317; DEcv29). Mr. Chance timely filed a notice of appeal (DEcv30).

### The Appeal from the Denial of the Second § 2255 Motion

While Appellant's appeal was pending, this Court held *en banc* in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (*"Ovalles II"*) that §924(c)(3)'s residual clause is not unconstitutionally vague under *Johnson* and *Sessions v. Dimaya*, 584 U.S. ___, 138 S.Ct. 1204 (2018), because §924(c)(3)(B) could be plausibly interpreted to incorporate an approach that "focuses...on the real-world facts of the defendant's offense – *i.e.,* how the defendant actually went about committing the crime in question." 905 F.3d 1233, 1252. Thus, this Court held that *Johnson* does not support a vagueness-based challenge to the residual clause of

11

§924(c). *See In re Garrett,* 908 F.3d 686, 687 (11th Cir. 2019)("[We] have held *en banc* that §924(c)(3)(B) is not unconstitutionally vague because it requires a conduct-based instead of a categorical approach."). Relying on its decisions in *Solomon v. United States,* 911 F.3d 1356 (11th Cir. 2019) and *Garrett,* on April 26, 2019, this Court affirmed the denial of Appellant's motion to vacate, denying all relief (DEcv33; Appeal Case No. 17-15192).

Appellant sought certiorari based on the then recent Supreme Court decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), holding that 18 U.S.C. § 924(c)(3)(B) is void for vagueness because, like the residual clause in the Armed Career Criminal Act ("ACCA") at issue in *Johnson v. United States*, 135 S.Ct. 2551 (2015), it required a "categorical approach" in which courts must imagine an "ordinary case" and apply it against an uncertain level of risk. *Id.* at 2336. Appellant argued that *Davis* abrogated the Eleventh Circuit's *en banc* decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (*en banc*), and thus he was entitled to relief.

Based on its *Davis* decision, the Supreme Court granted certiorari, vacated this Court's prior judgment, and remanded Mr. Chance's case for further consideration in light of *Davis.* On January 22, 2020 (mandate issued March 16, 2020), this Court entered its order on remand from the Supreme Court, reversing the district court's order denying Chance's § 2255 motion, vacating his conviction and

sentence as to Count 2 only (§ 924(o) conviction for conspiracy to use and carry a firearm during and in relation to a crime of violence predicated solely on conspiracy to commit Hobbs Act robbery as charged in Count 1), and, based *Davis* and its own intervening decision in *Brown v. United States,* 942 F.3d 1069 (11th Cir. 2019), holding that conspiracy to commit Hobbs Act robbery is not a qualifying "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A), remanded the case back to the district court for resentencing in accordance with its opinion (Appeal Case No. 17-15192; DE324).

## Proceedings in the District Court Upon Remand

After the remand mandate issued and jurisdiction returned to the district court, the district court issued its Order Following Eleventh Circuit's Mandate, vacating Appellant's conviction and sentence on Count 2, and indicating an Amended Judgment would be entered in the underlying criminal case (DEcv35; DE326). Immediately thereafter, Appellant filed his Motion For Order On Mandate (DE328, captioned as "Sentencing Memorandum" on the Pacer docket entry), requesting the court to vacate his Count 2 conviction, set his case for resentencing, and exercise its discretion under the "sentencing package doctrine" to resentence him on all remaining counts consistent with current law. Appellant explained that the language of 28 U.S.C. § 2255(b) expressly conferred discretion on the district court to resentence him on his remaining counts, and further explained that the "sentencing

13

package doctrine" applied on collateral review and under that rule even if only one count was vacated, he could receive a resentencing *de novo* on all counts. Appellant further argued that since the general rule for resentencing was that a defendant is entitled to be resentenced under the law in effect at the time of resentencing, a resentencing on all counts was the appropriate remedy under the circumstances presented here because there had been two significant intervening changes in the law since he was originally sentenced: one affected the sentence on his Hobbs Act counts, and the other affected his stacked § 924(c) sentences. *First,* the Supreme Court clarified in *Dean v. United States,* 137 S.Ct. 1170 (2017) that a district court has "authority" to take into account the harshness of the consecutive minimum mandatory penalties under § 924(c) in imposing a "just sentence" on the predicate counts. *Second,* Congress clarified in Section 403 of the First Step Act of 2018, that a consecutive 25-year sentence is permissible only if the defendant was previously convicted of a § 924(c) offense in a prior case which has become final.4

---

4 When Appellant Chance filed his Motion For Order On Mandate just one day after the district court entered its order following mandate, he noted for the court that a like motion was filed by co-defendant (and now co-appellant) Curtis Solomon. Chance's motion literally parroted the motion filed on behalf of Solomon since both defendants were exactly aligned with their interests and the facts supporting the relief sought. For that very same reason, rather than again merely restating the facts and arguments so formidably and thoroughly set forth in Solomon's brief, Appellant Chance herein specifically adopts those facts and arguments as set forth in the corrected brief of co-appellant Solomon, at pages 13-22 of his corrected brief.

14

## The Amended Judgment

Over two years passed without any response by (or objection from) the government to Appellant's request for a resentencing *de novo* under the "sentencing package doctrine," or any ruling whatsoever by the court on the pending motion. Then, on April 28, 2022, the district court summarily issued its Amended Judgment which merely deleted the concurrent sentence and term of supervised release on Count 2; re-imposed the same terms of imprisonment and supervised release as before on all other counts; and reduced the special assessment by $100 to account for the elimination of the conviction on Count 2 (DE331).

## Standards of Review

I)     A district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *United States v. Johnson,* 877 F.3d 993, 997 (11th Cir. 2017). "At a minimum…this Court must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon." *United States v. Cook,* 998 F.3d 1180, 1185 (11th Cir. 2021). If the Court cannot understand how the district court arrived at a sentence, it "must vacate and remand the case to the district court." *United States v. Douglas,* 576 F.3d 1216, 1219 (11th Cir. 2009).

It is only if the district court's explanation on a discretionary sentencing determination is sufficient to permit meaningful appellate review, that this Court can

15

review its exercise of discretion to deny relief to an eligible defendant for an abuse of discretion. *United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020). While "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," or "commits a clear error of judgment," *United States v. Harris,* 989 F.3d 908, 911-12 (11th Cir. 2021), if this Court cannot be sure from the record whether the district court understood the extent of its discretion to reduce a sentence, remand is required. *Jones,* 962 F.3d at 1305.

II)     Whether a prior conviction is properly classified as a "crime of violence" within § 924(c)'s elements clause is a conclusion of law reviewed *de novo. United States v. Bates,* 960 F.3d 1278, 1285 (11th Cir. 2020).

Where a challenge raised on direct appeal was not advanced before the district court, this Court reviews for plain error. Fed.R.Crim.P. 52(b). *United States v. Olano,* 507 U.S. 725 (1993).

## SUMMARY OF THE ARGUMENT

I.     The district court's failure to explain or even address why it refused to resentence Appellant *de novo* on all remaining counts requires reversal. The district court clearly had the discretion to resentence Appellant on all counts under the "sentencing package doctrine." The court's complete lack of any explanation for refusing to resentence him *de novo* on the remaining counts makes it impossible for

16

this Court to conduct meaningful appellate review in this case. Without any explanation as to the district court's reasoning, this Court cannot determine whether the court properly understood the extent of its discretion under the "sentencing package doctrine," and/or whether it abused that discretion by denying a sentencing reduction on all other counts when there had been two significant intervening changes in the law severely impacting the reasonableness of the sentences on those counts.

II.     Appellant's convictions and stacked sentences on all his § 924(c) counts should be vacated. The Supreme Court's intervening decision in *United States v. Taylor,* 142 S.Ct. 2015 (June 21, 2022) has abrogated this Court's holding in *United States v. St. Hubert,* 909 F.3d 335 (11th Cir. 2018) (that Hobbs Act robbery is a qualifying "crime of violence" within § 924(c)(3)(A)'s elements clause) for two reasons. First, *Taylor* held that attempted Hobbs Act robbery is not a "crime of violence," and the Hobbs Act robbery statute, 18 U.S.C. § 1951(a), is indivisible as to attempted and completed robbery. Second, *Taylor* rejected the "realistic probability" standard that the *St. Hubert* panel used to conclude that a completed Hobbs Act robbery categorically required the use or threatened use of physical force.

Finally, this Court's intervening decision in *United States v. Jackson,* 36 F.4th 1294 (11th Cir. 2022) has made clear that prior precedents such as *In re St. Fleur,* 824 F.3d 1337 (11th Cir. 2016), and *St. Hubert* – which adhered to *St. Fleur* under

the prior panel precedent rule – cannot "foreclose" consideration of arguments that were not made to or considered by the panels in those cases. One such argument, never considered in either *St. Fleur* or *St. Hubert,* is that the language of this Court's standard jury instruction on Hobbs Act robbery makes clear that the least culpable conduct under the statute is a threat of purely economic harm to nontangible rights. Under the categorical approach, such an offense falls outside the elements clause. If for this reason a completed Hobbs Act robbery is not a "crime of violence," then Appellant was convicted and sentenced for "non-offenses" in his § 924(c) counts. That is an unwaivable jurisdictional error, and it meets all four prongs of the plain error standard for reversal. Appellant's § 924(c) counts of conviction cannot stand and should be vacated.

## ARGUMENT AND CITATIONS OF AUTHORITY

I)    **Without an explanation by the district court, this Court cannot meaningfully review whether the district court abused its discretion in refusing to grant Appellant a resentencing *de novo* on all remaining counts under the "sentencing package doctrine."**

18

**A.  The district court had the discretion to resentence Appellant on all remaining counts under the "sentencing package doctrine."**

**B. There were valid reasons to resentence Appellant under current law on all remaining counts.**

**C. On this record, without any explanation from the district court, it is impossible to meaningfully determine whether the district court abused its discretion in refusing to grant Appellant a resentencing *de novo* on all remaining counts.**

Appellant, DEVON CHANCE, hereby adopts by reference and incorporates in toto the arguments presented in the Corrected Initial Brief of his co-defendant/co-appellant, Curtis Solomon, in this case, presented at pages 30-42 of his brief. Mr. Chance and Mr. Solomon are wholly aligned in these arguments, and the facts and arguments in toto are equally applicable to Appellant herein. To ensure judicial economy, Appellant will not simply restate those arguments as counsel for each of the appellants have met on several occasions, joined and pooled resources, and have independently

19

participated in the preparation of their briefs with an overall presentation of the facts and arguments in these lengthy and complex proceedings. It is hoped that counsels' efforts will enormously enhance the orderly review process and significantly aid and conserve judicial economy without the necessity of simply restating what has already been so formidably presented. As noted in this brief section captioned "Proceedings in the District Court Upon Remand," the only factual difference in the argument presented by Solomon is that the district court never issued an order on Chance's motion for order on mandate (DE328), which was still pending when the district court summarily entered its Amended Judgment over two years later, resulting in this appeal.

II.   **Changes in controlling law after Appellant was sentenced – which apply to a case like this on direct review – make clear that substantive Hobbs Act robbery is *not* a qualifying "crime of violence" under 18 U.S.C. § 924(c)(3)(A), and for that reason, all of the § 924(c) convictions predicated on substantive Hobbs Act robbery should be vacated.**

A) **After *Taylor* and *Jackson*, Hobbs Act robbery is *not* a qualifying "crime of violence;" *St. Hubert* has been abrogated.**

**B) The fact that Hobbs Act robbery is not a qualifying § 924(c) predicate is an unwaivable jurisdictional defect.**


**C) This jurisdictional error is reversible, even under the deferential plain error standard.**

Appellant, DEVON CHANCE, hereby adopts by reference and incorporates in toto the arguments presented in the Corrected Initial Brief of his co-defendant/co-appellant, Curtis Solomon, in this case, presented at pages 42-57 of his brief. Mr. Chance and Mr. Solomon are wholly aligned in these arguments, and the facts and arguments in toto are equally applicable to Appellant herein. To ensure judicial economy, Appellant will not simply restate those arguments as counsel for each of the appellants have met on several occasions, joined and pooled resources, and have independently participated in the preparation of their briefs with an overall presentation of the facts and arguments in these lengthy and complex proceedings. It is hoped that counsels' efforts will enormously enhance the orderly review process and significantly aid and conserve judicial economy without the necessity of simply restating what has already been so formidably presented.

21

## **<u>CONCLUSION</u>**

Based on the above and foregoing, and for each of the reasons presented, this Court should vacate the Amended Judgment and remand with instructions to the district court to vacate all of Appellant's § 924(c) convictions and sentences. Or, at the very least, the district court should be directed to revisit the issue of a resentencing *de novo* under the "sentencing package doctrine" with proper consideration of Appellant's arguments, and a required explanation of its ultimate decision in that regard.

Respectfully submitted,

*/s/ Michael G. Smith*
MICHAEL G. SMITH, ESQ.
SmithLawDefend@aol.com
Florida Bar No. 0265802
1824 Southeast 4th Avenue
Fort Lauderdale, Florida 33316
(954) 303-7843

22

## <u>CERTIFICATE OF COMPLIANCE</u>

I CERTIFY that this brief complies with the type-volume limitation and typeface requirements of FED. R. APP. P. 32(a)(7)(B) because it contains 4,484 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(f).

This brief also complies with the requirements of Fed.R.App.P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Times New Roman.

*/s/ Michael G. Smith*
MICHAEL G. SMITH, ESQ.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and mailed four copies to the Clerk of the Court. I also certify that the foregoing document is being served this day via CM/ECF on Lisa Tobin Rubio, Chief, Appellate Division, United States Attorney's Office, 99 N.E. 4th Street, Miami, FL. 33132.


 */s/ Michael G. Smith*
 MICHAEL G. SMITH, ESQ.